UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO.: 5:10-CV-248-KKC

ERBY POWELL,     PLAINTIFF,

v.     **OPINION AND ORDER**

MICHAEL ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,     DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on cross motions for summary judgment filed by Plaintiff Erby Powell and Defendant Michael J. Astrue, Commissioner of Social Security. [DE. 10, 11]. For the reasons set forth below, the Court will deny the Plaintiff's motion and will grant the Defendant's motion.

**I.    FACTS.**

The Plaintiff is a 44 year-old male. AR 2, 46. He graduated high school but has no schooling or training after high school. AR 181. His past relevant work experience consists of carpentry, drywall hanging and metal framing. AR 177. His last day of paid work was in early 2007. AR 174.

He filed a claim for Disability Insurance Benefits and Supplemental Security Income based on alleged disability onset date of April 21, 2006. AR 46. The Administrate Law Judge ("ALJ") determined that the evidence established that the Plaintiff has fibromyalgia and chronic fatigue syndrome. AR 20. However, the ALJ concluded that the Plaintiff was not entitled to disability benefits. AR 23.

The Appeals Council denied the Plaintiff's request to review his claim and, thus, the ALJ's decision became the final decision of the Social Security Commissioner. AR 4. The Plaintiff then filed an action in this Court seeking a review of the ALJ's decision under 42 U.S.C. §§ 405(g), 1383(c)(3).

II.     DISCUSSION.

A.      Standard of Review.

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the

Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 F. App'x 503, 506 (6th Cir. 2005).

B.     **Overview of the Process.**

Under the Social Security Act, disability is "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416. 920. The claimant has the burden of proving the existence and severity of limitations caused by his impairment and that he is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show he is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that he suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that his impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must

consider all of the claimant's impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the claimant's RFC, he must determine whether the claimant has the RFC to perform the requirements of his past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given his RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

### C. The ALJ's Decision.

At step one of the sequential evaluation process, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since April 21, 2006, the alleged onset date. AR 20. As discussed, at step two, the ALJ found that the Plaintiff had severe impairments consisting of fibromyalgia and chronic fatigue syndrome. AR 20. However, at step three, the ALJ found that these impairments did not meet or medically equal one of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 21.

Prior to step four, the ALJ determined that the Plaintiff had the RFC to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c) and 20 C.F.R. § 416.967(c). AR 21. The ALJ determined at step four that the Plaintiff was unable to perform any past relevant work. AR 22. However, at step five, the ALJ determined that, based on the Plaintiff's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff could perform. AR 23. Accordingly, the ALJ found that the Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. AR 23.

The Plaintiff raises several arguments in support of his claim that the Commissioner's decision denying benefits is not supported by substantial evidence. The Court will address each of these arguments in turn.

**D.     Analysis.**

**1.     The ALJ Fairly Considered Plaintiff's Medical Condition.**

The Plaintiff argues that the ALJ erred by failing to consider, or fairly consider, his medical condition. Specially, the Plaintiff asserts, "the ALJ failed to appreciate the nature of fibromyalgia." DE 10, Pl.'s Mot. Summ. J. at 7. However, the ALJ did not fail to appreciate the nature of fibromyalgia. In fact, the ALJ determined that the Plaintiff's fibromyalgia and chronic fatigue syndrome were "severe impairments." AR 20-22.

Further, after analyzing the full medical record and testimony, the ALJ found that the Plaintiff's impairments "contribute[] to the substantial reduction in the claimant's ability to perform work-related activities." AR 20. Thus, the ALJ appreciated the potential severity of fibromyalgia and chronic fatigue syndrome. The issue, however, is whether the Plaintiff's fibromyalgia and chronic fatigue syndrome are actually "disabling" for purposes of the Social Security Act. For the reasons to be explained further below, the ALJ's decision that the Plaintiffs' impairments are not disabling is supported by substantial evidence.

**2.     The ALJ did not Err in Determining the Plaintiff's Residual Functional Capacity.**

The Plaintiff argues that the ALJ erred in assigning an RFC that found the Plaintiff capable of performing the full range of medium level work. In determining the Plaintiff's RFC, the ALJ correctly considered the Plaintiff's symptoms using a two-step process. First, the ALJ determined that the Plaintiff's fibromyalgia and chronic fatigue

syndrome could reasonably be expected to cause the symptoms that the Plaintiff claimed. AR 22. Second, the ALJ evaluated the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limited the claimant's ability to do basis work activities.  AR 22

The ALJ determined that the Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent that they were inconsistent with his ability to do medium level work. AR 22.

The medical records support this finding. The ALJ considered the records of physician examinations which stated the Plaintiff's condition had been "stable" for several months. AR 22. The ALJ medical records indicating that the Plaintiff had normal strength in his upper and lower extremities and was capable of a full range of motion in his back. AR 22. The ALJ considered that the Plaintiff was able to walk without the aid of an assistive device and to breathe without difficulty. AR 22.  Further, the ALJ noted that the Plaintiff was a "large, healthy male free of pain" and also took into consideration the Plaintiff's testimony that he attended church three times per week. AR 22.

    **C.**    **The ALJ did not Err in Failing to Order a Consultative Examination.**

The Plaintiff argues that the ALJ erred in failing to order a consultative examination to assist with the RFC assignment.  The Plaintiff argues that the ALJ was not capable of assigning an accurate RFC without the guidance of a physician. However, the Plaintiff's claim is without merit based on the federal regulations authorizing consultative examinations.

The ALJ is not required, however, to order a consultative examination, but is instead authorized to order one when necessary. 20 CFR § 404.1517; 20 CFR §

404.1519(a); *see also McKensey v. Comm'r of Soc. Sec.*, No. 96-4268, 1997 WL 764480, at *3 (6th Cir. Nov. 24, 1997). In *McKensey*, the Sixth Circuit affirmed the ALJ's decision against an additional examination because, "while such an examination might produce some information which could be material to the claim, the claimant has by no means demonstrated that consultative examination is *necessary* to a complete evaluation of the claim of disability in this case." *Id.* Similarly here, the Plaintiff had been examined by two treating medical professionals and their results were consistent with other evidence in the record. Therefore, it was not necessary for the ALJ to order additional testing at the government's expense. The ALJ did not err by relying on the evidence developed in the record rather than ordering a consultative examination.

Even if the ALJ had obtained a consultative examination of the Plaintiff, the results of such a test would not be dispositive. *Bailey v. Comm'r of Soc. Sec.*, No. 09-6389, 2011 WL 850334, at *1-2 (6th Cir. Mar. 11, 2011) (finding adequate evidence for ALJ determination of no disability despite conflicting consultative examination results). The ALJ is required to give greater deference to the opinions of the Plaintiff's treating physician than to the opinions of other physicians who may examine the Plaintiff. *Kalmbach v. Comm'r of Soc. Sec.*, No. 09-2076, 2011 WL 63602 at *7 (6th Cir. Jan. 7, 2011). Therefore, even if the results of a consultative examination conflicted with the reports of the Plaintiff's treating physician, the secondary examination would not be sufficient to require a modification to the RFC.

## III. CONCLUSION

For the reasons set forth above, the Court holds that the Commissioner's decision denying the Plaintiff's claim for benefits is supported by substantial evidence in the record. Accordingly, it is **HEREBY ORDERED** as follows:

1) Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED**; and

2) The Commissioner's Motion for Summary Judgment [DE 11] is GRANTED.

Dated this 9th day of August, 2011.

Signed By:
*Karen K. Caldwell*
United States District Judge